UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANIE SANFORD, an Illinois citizen, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| KEVIN PALLA, a Tennessee citizen, | ) **JURY DEMANDED** |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, JANIE SANFORD ("Plaintiff") by and through her attorneys, and complaining of Defendant, KEVIN PALLA ("Defendant") respectfully states unto this Honorable Court as follows:

### PARTIES

1. Plaintiff is a natural person and an adult citizen and resident of the City of Chicago, Cook County, State of Illinois.

2. Defendant is a natural person and is an adult citizen and resident of the City of Nashville, Davidson County, State of Tennessee.

### JURISDICTION and VENUE

3. This court has diversity subject-matter jurisdiction over the instant case pursuant to 28 U.S.C. § 1332(a)(1), as the parties are completely diverse in citizenship and the amount in controversy for Plaintiff's claim exceeds $75,000, exclusive of interest and costs.

4. This court has personal jurisdiction over the Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) as he is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.

5. Venue is proper in the Middle District of Tennessee – Nashville Division pursuant to 28 U.S.C. § 1391(b)(1), as it is the judicial district in which the sole defendant resides.

6. Venue is proper in the Middle District of Tennessee – Nashville Division pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS**

7. On June 9, 2021, at approximately 11:50 p.m., Plaintiff was walking eastbound on the sidewalk of the southside of Broadway, approaching its intersection with 15th Avenue, in the City of Nashville, Davidson County, State of Tennessee.

8. At that same time and place, Defendant was in his 2011 Nissan Sentra ("Sentra"), driving southbound on 15th Avenue, approaching its intersection with Broadway.

9. Once Plaintiff reached the intersection, she stopped and looked around her, including observing Defendant driving southbound on 15th Avenue, approaching its intersection with Broadway.

10. Moments later, Plaintiff observed Defendant and his Sentra facing southbound on 15th Avenue, now stopped at the intersection with Broadway, at the stop sign controlling traffic for the roadway Defendant was on.

11. Given that Defendant was now stopped, and Plaintiff having the right of way, Plaintiff proceeded eastbound and walked across 15th Avenue in the unmarked crosswalk.

12. When Plaintiff had walked to the point where she was positioned directly in front of Defendant and his Sentra, Defendant, without looking where he was going, abruptly lunged forward and crashed into Plaintiff, striking her left hip and knee.

13. Plaintiff, and her companion who was also struck by Defendant, then shouted out to get Defendant's attention that he had struck them.

14. Defendant did not see or hear Plaintiff and her companion shout out to him and lunged forward again—and again crashed into Plaintiff, striking her hip and knee.

15. Plaintiff, and her companion who was also struck by Defendant, again shouted out to get Defendant's attention that he had struck them.

16. Defendant again did not see or hear Plaintiff and her companion shout out to him and this time fully accelerated forward—and again crashed into Plaintiff, striking her hip and knee.

17. The force of the third impact caused Plaintiff to fall backward onto the street, causing injury to Plaintiff's arms and hands.

18. At the aforesaid date, time, and place, Defendant failed to keep a proper lookout for other motorists, cyclists, or pedestrians, including Plaintiff.

19. At the aforesaid date, time, and place, Defendant failed to control the vehicle he was driving so as to avoid collisions with other motorists, cyclists, or pedestrians, including Plaintiff.

20. As a result, Defendant crashed the vehicle he was driving into Plaintiff.

21. At the aforementioned date and time, as a result of Defendant's actions or omissions, Plaintiff suffered severe injuries, including to her left hip, left knee, arms, and hands.

22. Plaintiff's injuries further include, past and future medical bills for treatment of her injuries, ongoing pain and suffering.

23. Plaintiff will require surgical intervention to treat her injuries.

24. Plaintiff's injuries have also caused Plaintiff to suffer loss of her normal life.

25. Plaintiff, at all times relevant hereto, exercised ordinary and reasonable care for her own safety and the safety of others, and was at all times in compliance with the provisions of Tennessee law.

## **NEGLIGENCE**

26. Pursuant to Chapter 8 of Title 55 of the Tennessee Code:

    It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title. § 55-8-103.

27. Defendant failed to yield the right of way to a pedestrian, in violation of Tenn. Code § 55-8-134.

28. Defendant failed to exercise due care to avoid colliding with any pedestrian upon any roadway, in violation of Tenn. Code § 55-8-136(a).

29. Defendant failed to exercise due care by failing to operate his vehicle at a safe speed, by failing to maintain a safe lookout, by failing to keep his vehicle under proper control, and by failing to devoting his full time and attention to operating his vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, in violation of Tenn. Code § 55-8-136(b).

30. The foregoing statutes prescribe the standard of conduct expected of Defendant in connection with the occurrence.

31. As a pedestrian, Plaintiff is within the class of persons that the foregoing statutes were meant to protect.

32. Plaintiff's injuries are of the type that the foregoing statutes were designed to prevent, as they are what would be expected to result from a pedestrian being struck by a motor vehicle.

33. Defendant's violations of the foregoing statutes demonstrate Defendant's negligence per se.

34. Alternatively, that at the aforesaid time, date, and place, Defendant was driving a motor vehicle in the City of Nashville, Davidson County, State of Tennessee, and in doing so, owed a duty to exercise ordinary and reasonable care for his own safety and safety of others.

35. That at the aforesaid time, date, and place, Defendant breached his said duty to exercise ordinary and reasonable care for his own safety and the safety of others, and then committed one or more of the following negligent acts or omissions:

    a. Failed to yield the right of way pedestrian;
    b. Failed to exercise due care to avoid colliding with any pedestrian upon any roadway;
    c. Failed to operate his vehicle at a safe speed;
    d. Failed to maintain a safe lookout;
    e. Failed to devote his full time and attention to operating his vehicle;
    f. Failed to see and avoid endangering life, limb or property; and
    g. Failed to see and avoid colliding with any other vehicle or person.

36. That each of the foregoing acts or omissions are a breach of Defendant's aforementioned duty, and all to the detriment of Plaintiff.

37. That as a proximate result of Defendant's said acts or omissions, as described above, Plaintiff was severely injured.

38. That as a proximate result thereof, Plaintiff suffered severe, painful, and permanent injuries to her person, and has expended and in the future will be obliged to expend large sums of money in an endeavor to be cured thereof.

39. That as a proximate result thereof, Plaintiff has suffered and in the future will suffer from physical pain and mental anguish, as well as remedial expenses, and other damages.

WHEREFORE, Plaintiff, JANIE SANFORD, prays for judgment against Defendant, KEVIN PALLA, in an amount of in excess of $75,000 and for any and all further relief deemed

5

Case 3:22-cv-00399   Document 1   Filed 05/31/22   Page 5 of 6 PageID #: 5

appropriate by this court.

RESPECTFULLY SUBMITTED,

May 31, 2022                    By: /s/ William M. Kaludis
William M. Kaludis (BPR No. 17433)
SHIELD LAW GROUP
1230 2nd Avenue S.
Nashville, TN 37210
Tel: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com
Attorney for Plaintiff